# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANDRE BRADLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-cv-015-NJR ) |
| JOHN DOE, SULSER, and WHITOFF, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Deandre Bradley, an inmate in Menard Correctional Center, filed a motion for a preliminary injunction on January 4, 2019. (Doc. 1). Plaintiff seeks to enjoin the Defendants from forcibly cutting his hair, as he is a practicing Rastafarian, and cutting his hair violates his religious beliefs. *Id*.

Because Plaintiff is a prisoner, the Court must conduct a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. This is not possible, however, because Plaintiff failed to file a complaint. The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. This is "the first step in the action." *Id*., Advisory Committee Notes, 1937 Adoption. Plaintiff's Preliminary Injunction (Doc. 1) does not suffice as a complaint because it does not contain a statement of the grounds for the court's jurisdiction under Federal Rule of Civil Procedure 8.

Although *pro se* litigants are not held to the same standards that apply to licensed attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not entitled to general dispensation from the rules of civil procedure. *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). The

requirement that all plaintiffs must file a complaint is a fundamental rule in our legal system. Without a complaint, the Court cannot ascertain the basis for jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). Nor can the Court determine the exact causes of action that Plaintiff intends to bring against the Defendants. Plaintiff is required to associate specific individuals or entities with specific claims, so that the Defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).

Moreover, Plaintiff is an experienced litigant, with at least five other suits in this district. He is aware that filing a complaint initiates the action. While the Court takes Plaintiff's allegations seriously, it will not waive the requirements in the Federal Rules of Civil Procedure. Plaintiff's Motion for Preliminary Injunction will be held in abeyance until he files a proper complaint. (Doc. 1).

**IT IS ORDERED** that on or before **February 4, 2019**, Plaintiff shall file a complaint, thereby initiating this action. Plaintiff is reminded that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff is encouraged to use the Court's standard civil rights complaint form to prepare the pleading. He must clearly identify which claim(s) he is bringing against each Defendant. In particular, the allegations should demonstrate which Defendants are personally responsible for any claimed violation of his rights.

Plaintiff is further reminded that he has an obligation to fully disclose his prior litigation history; failure to make a full and complete disclosure may result in sanctions, up to and including dismissal of this action with prejudice.

Plaintiff is **WARNED** that failure to file a proper complaint by the prescribed deadline will result in dismissal of this action for lack of subject matter jurisdiction. Such a dismissal shall not count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

The Clerk is **DIRECTED** to mail Plaintiff a standard Civil Rights Complaint form and instructions for a person in custody.

Finally, Plaintiff is advised that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: **January 7, 2019**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**