# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANDRE BRADLEY, # M05197, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 19−cv−15−NJR |
| vs. | ) ) |
| SULSER, WHITOFF, JONES, JONES, and BRUMLEVE, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Deandre Bradley, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive relief, including a temporary restraining order and/or preliminary injunction.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## Discussion

Based on the allegations of the Complaint, Plaintiff is a practicing Rastafarian and his beliefs are sincerely held. (Doc. 6, pp. 3-8). The Rastafarian religion requires adherents to wear dreadlocks. (Doc. 6, p. 7). Plaintiff is currently in segregation in the North 2 cellblock, A wing, cell 4. (Doc. 6, p. 8). The 7 am - 3 pm shift on that unit has an unwritten policy that no segregated individuals can have their hair braided, twisted, or styled in any way, despite the fact that 20 Ill. Admin. Code 502 does not specifically prohibit dreadlocks in or out of segregation. (Doc. 6, pp. 8-10).

Because Plaintiff refuses to cut his dreadlocks, he has not been allowed outside of his cell. (Doc. 6, pp. 10, 12-13). As a result, Plaintiff has been denied programs, services, and activities by Sulser, Jones (white),[1] Jones (black), and Brumleve, including but not limited to: medical care, scheduled appointments, showers, yard, mental health treatment. *Id*. This treatment is currently ongoing, but there were also multiple incidents in 2017. (Doc. 6, pp. 12-13). On January 2, 2019, Whitoff told Plaintiff to take down his dreadlocks and threatened to have Plaintiff held down and forcibly shaved if he did not remove the dreadlocks. (Doc. 6, p. 11).

At this juncture, the Court finds it convenient to divide the *pro se* action into the following three counts:

**Count 1:** Whitoff's position that Plaintiff's dreadlocks must be removed in violation of Plaintiff's sincerely held religious beliefs violates his First Amendment rights;

**Count 2:** The threat to cut Plaintiff's dreadlocks violates his rights under the Religious Land Use and Incarcerated Persons Act ("RLUIPA");

**Count 3:** Sulser, Jones (black), Jones (white), and Brumleve have violated Plaintiff's Eighth and/or Fourteenth Amendment rights by denying him access to programs and services, including medical services.

---

[1] The Court has adopted Plaintiff's system of differentiating between the two Jones defendants.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

**Count 1** states a claim for relief against Whitoff. It is well-established that "a prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990); *see Al-Alamin v. Gramley*, 926 F.2d 680, 686 and nn. 3-5 (7th Cir. 1991) (collecting cases). On the other hand, a prison regulation that impinges on an inmate's First Amendment rights is nevertheless valid "if it is reasonably related to legitimate penological interests." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Plaintiff's allegations against Whitoff plausibly suggest that Plaintiff's right to wear dreadlocks as a sign of his religious beliefs is being impermissibly burdened.

In **Count 2**, Plaintiff has alleged that his rights have been infringed under RLUIPA. To state a claim under the Act, a prisoner must allege facts tending to show "that he seeks to engage in an exercise of religion" and that "the challenged practice substantially burdens that exercise of religion." *Koger v. Bryan*, 523 F.3d 789, 796 (7th Cir. 2008). The "remedy available" under the Act is "limited to declaratory or injunctive relief." *West v. Grams*, 607 F. App'x. 561, 566 (7th Cir. 2015). Plaintiff seeks injunctive relief in this case, and that is sufficient to state an arguable claim under the Act. Accordingly, **Count 2** may proceed to the extent it seeks ongoing injunctive relief.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Unfortunately, however, the named Defendants are not in a position to carry out injunctive relief. Accordingly, the Court will add Jacqueline Lashbrook, in her official capacity as Warden of Menard Correctional Center, to the Complaint for the purpose of carrying out Plaintiff's request for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (finding that the warden of an institution is the appropriate party for injunctive relief). **Count 2** proceeds against Lashbrook.

**Count 3** alleges that Plaintiff was deprived of out-of-cell time, privileges, and medical visits due to his refusal to cut his hair. If Plaintiff suffered an injury as a result of these deprivations, either because they deprived him of necessary health care, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), or posed significant and atypical hardship, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016), then Plaintiff has stated a claim under the Eighth Amendment. Accordingly, at the pleading stage, **Count 3** shall be allowed to proceed on an Eighth Amendment theory of liability.

The facts in **Count 3** also raise a plausible claim that Plaintiff's Equal Protection rights have been violated. The Equal Protection Clause of the Fourteenth Amendment protects individuals against arbitrary and irrational government treatment. *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012). To adequately plead a class-of-one equal protection claim, a plaintiff must allege that he was intentionally treated differently from other similarly situated individuals without a rational basis for such treatment. *Id*. (citing *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 601 (2008)). The treatment must be wrongful and differ from the norm or common practice in a manner that demonstrates discrimination. *McDonald v. Village of Winnetka*, 371 F.3d 992, 1009 (7th Cir. 2004). A plaintiff may plead himself out of court if the

complaint provides a rational basis for the treatment at issue. *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013).

Here, Plaintiff has alleged that the relevant policy does not forbid his hair style and that he is being treated differently than other inmates at Menard. These facts could plausibly support a claim under the Fourteenth Amendment, and so **Count 3** will proceed under that theory as well.

## Pending Motions

A hearing will be set on Plaintiff's Motion for Preliminary Injunction/Motion for Temporary Restraining Order (Doc. 1) by separate order. Likewise, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) will be addressed by separate order.

## Disposition

**IT IS HEREBY ORDERED** that **Counts 1-3** survive threshold review. The Clerk of Court is **DIRECTED** to add Jacqueline Lashbrook to the docket as a Defendant in **Count 2** for purposes of injunctive relief only.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant Sulser, Whitoff, Jones, Jones, Brumleve, and Lashbrook: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if any Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* FED. R. CIV. P. 41(b).

       **IT IS SO ORDERED.**

       **DATED: 1/24/2019**

                                                  **NANCY J. ROSENSTENGEL**
                                                  **United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. After the defendants have filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.**